The STATE of Ohio, Appellee,

v.

SAPARITI, Appellant.

[Cite as *State v. Sapariti* (1997), 118 Ohio App.3d 1.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–97–10.

Decided Dec. 19, 1997.

2

*Tonya Thieman,* Sidney City Prosecutor, for appellee.

*Elsass, Wallace, Evans, Schnelle & Co., L.P.A., Richard H. Wallace* and *Thomas A. Ballato,* for appellant.

SHAW, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.

Defendant-appellant, Richard Sapariti, appeals the judgment and sentence of the Municipal Court of Sidney, Ohio, in which he was found guilty of operating a motor vehicle with a breath-alcohol concentration in violation of R.C. 4511.19(A)(3).

On January 14, 1997, Sapariti was cited for violations of R.C. 4511.19(A)(1), operating a motor vehicle under the influence of alcohol, R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited breath-alcohol concentration, and R.C. 4511.43, a stop sign violation. Sapariti also received an administrative license suspension ("ALS") in accordance with R.C. 4511.191. A plea of not guilty to these charges was entered. Thereafter, pursuant to R.C. 4511.191(L), Sapariti paid a $250 license-reinstatement fee after his ALS ended, but before his trial.

On March 18, 1997, Sapariti filed a motion to dismiss the pending charges. This motion was subsequently overruled by the municipal court judge, and Sapariti then changed his plea. To the charge of operating a motor vehicle with a prohibited breath-alcohol concentration, he pled no contest. The remaining charges were dismissed. Sapariti was sentenced to three days in jail and fined $425, and had his license revoked for one hundred eighty days. This sentence, however, was stayed by the court pending appeal.

Sapariti appeals this judgment and sentence of the municipal court and asserts the following assignment of error:

"The trial court erred when it overruled appellant's motion to dismiss the criminal charges pending against appellant."

Sapariti's argument is that a person who pays the $250 reinstatement fee after an ALS has ended cannot be sentenced for a violation of R.C. 4511.19(A)(3) ("DUI"). He contends that although the ALS is a civil matter, the fee payment is in actuality a fine and, therefore, punishment. Thus, he maintains that any subsequent criminal prosecution of DUI constitutes multiple punishments for the same offense in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. For the following reasons, we disagree with this analysis and affirm the municipal court's judgment.

The Double Jeopardy Clause of the United States Constitution provides:

"No person shall * * * be subject to the same offense to be twice put in jeopardy of life or limb * * *."

The United States Constitution's protections against double jeopardy have been incorporated against the states through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 786, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707, 711; *State v. Tolbert* (1991), 60 Ohio St.3d 89, 90, 573 N.E.2d 617, 619. The

**4**

Ohio Constitution also has a double jeopardy prohibition, providing that "[n]o person shall be twice put in jeopardy for the same offense." Section 10, Article I. Preventing multiple punishments for the same offense is one abuse the Double Jeopardy Clause acts to prevent. *United States v. Halper* (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496–497. To demonstrate that this type of double jeopardy violation exists, a showing must be made that the civil and criminal sanctions were imposed in separate proceedings, the sanctions were imposed for the same offense, and the separate civil sanctions constitute punishment for double jeopardy purposes. *Montana Dept. of Revenue v. Kurth Ranch* (1994), 511 U.S. 767, 778, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767, 777–778.

For much of this matter, the Ohio Supreme Court decision of *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, is dispositive. In that case, the court found that imposition of the ALS and the subsequent DUI prosecution, when arising from the same arrest, are considered separate proceedings for the purposes of a double jeopardy analysis. *Id.* at paragraph two of the syllabus. Further, the court held that revoking a license pursuant to the ALS is a sanction based on the same conduct or offense as the DUI prosecution. *Id.* at 439, 668 N.E.2d at 446. This is because an ALS "is inextricably intertwined with, and dependent upon, an arrest for violation of Ohio's DUI statute." *Id.* The Supreme Court concluded by determining that the punishment prong of this test is not violated when a criminal DUI prosecution occurs after an ALS ends, because of the remedial nature of the license suspension. However, the court did not address whether the ALS reinstatement fee, when paid before the DUI prosecution, constitutes multiple punishments in violation of the constitutional protections.

■ In this case, we find that the civil sanction of paying the ALS reinstatement fee prior to a DUI prosecution does not constitute punishment for double jeopardy purposes because it is most properly characterized as remedial. We base this finding on the *Halper* decision, which presented the concept of disproportionality.

■ The concept of disproportionality applies when determining if a civil sanction should be considered punishment for double jeopardy purposes. As stated by the United States Supreme Court, this determination requires an inquiry into "the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction [or the label affixed to the type of proceeding]." *Halper*, 490 U.S. at 447–448, 109 S.Ct. at 1901–1902, 104 L.Ed.2d at 501, fn. 7. On the other hand, a civil sanction which is found to serve a deterrent purpose does not automatically render the sanction punitive. *Kurth Ranch*, 511 U.S. at 781, 114 S.Ct. at 1947, 128 L.Ed.2d at 779–780. Instead, the question is whether the magnitude of the civil sanction is

overwhelmingly disproportionate to the harm caused by the underlying conduct. *Id.* at 449, 109 S.Ct. at 1902, 104 L.Ed.2d at 502; *Gustafson,* 76 Ohio St.3d at 433, 668 N.E.2d at 441–442. If the civil sanction is designated as disproportionate, although originally justified as remedial, the sanction can be recharacterized as punitive because of its disproportionality in relation to its nonpunitive purpose. *Gustafson,* 76 Ohio St.3d at 440, 668 N.E.2d at 446–447.

The civil sanction Sapariti was obligated to pay was $250. We concede that the reinstatement fee appears to encompass punitive aspects. As identified by R.C. 4511.191(L)(2), the reinstatement fee is not merely an administrative fee to regain a forfeited license. Rather, the monies generated from the reinstatement fee, like fines, are divided into various funds which, in general, promote alcohol and drug intervention efforts.

However, this fee is not disproportionate to the harm caused by the wrongful conduct of driving while drunk. Persons who choose to drive while drunk affect innocent motorists and pedestrians in profound ways, with the most obvious being injury and death. *Mackey v. Montrym* (1979), 443 U.S. 1, 17–18, 99 S.Ct. 2612, 2620–2621, 61 L.Ed.2d 321, 333–335; *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 114, 267 N.E.2d 311, 313–314. Thus, the state has a compelling interest to use summary procedures to promptly remove irresponsible drivers from the road as a public safety measure. *Mackey, supra,* at 17–18, 99 S.Ct. at 2620–2621, 61 L.Ed.2d at 333–335. An ALS is one way to effectuate this objective. *Hoban, supra,* at paragraph one of the syllabus. Furthermore, that this wrongful conduct of driving while drunk continues to be pervasive is evidenced by the number of cases within the court system. *Gustafson,* 76 Ohio St.3d at 447, 668 N.E.2d at 451 (Douglas, J., concurring).

Accordingly, we cannot say that the fee to reinstate the license once an ALS has ended is so overwhelmingly disproportionate to the harm inflicted upon society and the government by commission of the DUI offense that it must be considered punishment. See *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902, 104 L.Ed.2d at 502; *State v. Cottril* (Dec. 11, 1996), Ross App. No. 96CA2221, unreported; *Cuyahoga Falls v. Mathies* (Sept. 18, 1996), Summit App. No. 17591, unreported, 1996 WL 527196. Thus, Sapariti's sole assignment of error is overruled, and the judgment and conviction of the Municipal Court of Sidney, Ohio is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, J., concurs.

EVANS, P.J., concurs separately.

**6**

Evans, Presiding Judge, concurring separately.

I concur only in judgment because I cannot agree that this court should respond to the constitutional issue raised by appellant. Appellant argues that he was subjected to multiple punishments for the same offense in violation of the United States and Ohio Constitutions because he was forced to pay a punitive reinstatement fee to reinstate his driver's license following its suspension for driving while intoxicated, and then was punished again when he was sentenced on his criminal conviction based upon the same behavior.

First, I find that the majority opinion contains statements of fact which are unsupported by the record in this case. Following my review of the record, I find that the facts, as supported by the record, are as follows: On January 14, 1997, appellant was stopped by an Ohio State Highway Patrolman for speeding on the interstate and failing to stop at a stop sign upon exiting the interstate. Noting signs of intoxication in appellant's behavior and appearance, the trooper administered field sobriety tests to appellant, all of which indicated that he was intoxicated. Appellant was arrested, and was taken to the Shelby County Sheriff's Department for administration of a breath test. The breath test indicated that appellant's breath-alcohol concentration was .19 grams of alcohol per two hundred ten liters of breath. Appellant was then given citations for DUI and the stop sign violation. He was given a warning for the speed violation and was released to the custody of friends. At the time of his arrest, appellant was also issued a ninety-day administrative license suspension ("ALS"), pursuant to R.C. 4511.191(F)(1).

On January 21, one week after his arrest, the trial court granted appellant's request for partial driving privileges during the pendency of his case. On March 18, 1997, appellant filed a motion to dismiss the pending charges against him. As support for this motion, appellant argued that prosecution would violate the constitutional prohibition against double jeopardy because he had sent the Bureau of Motor Vehicles ("BMV") a reinstatement fee of $250 "as a result of the administrative license suspension the arresting officer imposed upon [him]." As proof of this ground, appellant attached to his motion a copy of a form sent from the BMV, dated February 28, 1997 (forty-four days after imposition of the ALS), acknowledging that $250 had been received from appellant.

On April 16, after pleading no contest to the DUI charge, appellant was sentenced by the court and received a driver's license suspension of one hundred eighty days, with credit for his ALS. Along with these judgments, the court vacated the ALS.

The Supreme Court of Ohio, in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, determined that an ALS does constitute punishment, but because

the ALS is terminated upon conviction, there is no multiple punishment for double jeopardy purposes. The court concluded:

"[A]n automatic and immediate administrative license suspension 'crosses the line,' transforming an initially remedial license suspension into a punishment for double jeopardy purposes, at the point of criminal sentencing after a DUI conviction for violation of R.C. 4511.19. At that point, continued recognition or enforcement of the ALS would result in cumulative 'punishment' being imposed upon the criminal offender, which is precluded by the Double Jeopardy Clauses of the United States and Ohio Constitutions." *State v. Gustafson* (1996), 76 Ohio St.3d 425, 442, 668 N.E.2d 435, 448.

Thus, the court in effect ordered trial courts to order the vacation, or termination of the ALS, consequently merging the ALS with the subsequently imposed DUI suspension. It follows, then, that if the ALS terminates, and merges with the DUI suspension, there is no need for the court to issue two separate orders for reinstatement of the license. Accordingly, a defendant should be able to redeem his license from the BMV upon paying a reinstatement fee, and satisfying the other relevant requirements, when his license is ordered reinstated upon expiration of the license suspension imposed by the trial court for the DUI conviction.

Appellant's ALS was imposed for a period of ninety days. The BMV acknowledged receipt of $250 from appellant forty-four days after his arrest for DUI. Appellant's ALS had not yet expired when he filed his motion to dismiss the charges against him on March 18, 1997. There is no evidence in the record that appellant had a right to receive his license back at the time he made the payment, or that he was eligible to apply for reinstatement of his license at that time. Furthermore, there is no evidence in the record that the fee was actually *imposed* upon appellant. Rather, he anticipatorily and voluntarily paid the fee before knowing what actions would be taken by the court, or even knowing *if* he would be granted the right to redeem his license, and before his actual prosecution occurred.

Moreover, appellant was not being deprived of his privilege to drive at the time—he had been granted temporary driving privileges by the court pending his prosecution for DUI, albeit his license had not been ordered reinstated by the court (nor had the ALS been yet vacated, which the trial court did pursuant to *Gustafson,* upon appellant's conviction). At the time appellant sent $250 to the BMV, he was informed that his license was still under suspension. Although appellant supports his argument with *State v. Logan* (1995), 75 Ohio Misc.2d 79, 663 N.E.2d 425, it is unlikely (although not clear) that Judge Rice of the *Logan* court meant, when stating that since the defendant had paid the $250 "punitive"

administrative license reinstatement fee the state could not "seek further sanctions against him," that a defendant could just voluntarily send the BMV $250 and thereby avoid prosecution for the egregious behavior of driving drunk. Rather, I find that when the *Gustafson* court held that an ALS must be vacated when the defendant is convicted and punished for the DUI, the court was eliminating the double jeopardy problem altogether, by establishing that the defendant would, as a result of the ALS vacation, have only one license suspension and thus be required to pay only one reinstatement fee when having his license reinstated.

There is no evidence in this record that appellant was ever ordered to pay the $250. In fact, it appears from a review of the record that appellant's license was in jeopardy as a result of his poor driving record in the recent past, and that appellant voluntarily sent the BMV $250 in order to create an issue for appeal. Nor is there evidence that he was subjected to two reinstatement fees as a result of this case. Thus, appellant has not shown that he has been or will be punished twice for the same offense. Pursuant to *Gustafson*, appellant's license suspensions were merged by the court's vacating the ALS and giving him full credit for the entire ALS when sentence was imposed for the DUI offense. Therefore, on this record, appellant was punished only once, and there is no double jeopardy issue. Appellant has invited an error, of his own making, in an attempt to avoid punishment for his violation of R.C. 4511.19.

I would overrule the assignment of error and affirm appellant's conviction based upon the foregoing discussion. We should refrain from deciding the constitutional issue. "Constitutional questions will not be decided until the necessity for their decision arises." A disposition of this case may be made without addressing the double jeopardy issue concocted herein. *Brunswick City School Dist. Bd. of Edn. v. Brunswick Edn. Assn.* (1980), 61 Ohio St.2d 290, 297, 401 N.E.2d 440, 445.