OPINION
Defendant Bonnie J. Sours appeals a judgment of the Municipal Court of Ashland County, Ohio, convicting and sentencing her for driving while intoxicated in violation of R.C. 4511.19. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT DISMISSING THE CHARGE OF VIOLATING OHIO REV. CODE ANN. 4511.19 BECAUSE CONVICTION OF THAT CHARGE CONSTITUTES DOUBLE JEOPARDY AS PROHIBITED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
On December 19, 1997, appellant was arrested by an Ashland County Sheriff's deputy for driving under the influence of alcohol. Deputy Henderson issued an administrative license suspension the same day. Appellant alleges at the end of the 90-day ALS suspension, she paid her reinstatement fee to get her driver's license back.
Appellant then moved the court to dismiss the pending charge against her, urging conviction on that charge would constitute double jeopardy as prohibited by both the United States Constitution and the Ohio Constitution. The court overruled the motion to dismiss and entered a judgment of conviction on April 28, 1998.
In State v. Gustafson (1996), 76 Ohio St.3d 425, the Ohio Supreme Court held the double jeopardy clauses of theFifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution did not preclude criminal prosecution and trial of a motorist for driving in violation of R.C. 4511.19, based upon and subsequent to, the imposition of an administrative license suspension pursuant to R.C. 451.191. Appellant argues Gustafson is distinguishable from the case at bar because in Gustafson, none of the defendants had paid the reinstatement fee after the ALS. Appellant urges the Ohio Supreme Court did not rule on the issue of whether payment of the reinstatement fee following an administrative license suspension is punishment, therefor, further prosecution of the driver for OMVI after payment of the reinstatement fee constitutes double jeopardy.
The trial court, in overruling the motion, found the case ofState v. Sapariti (1997), 118 Ohio App.3d 1, directly on point. In Sapraiti, the Court of Appeals for Shelby County found the reinstatement fee for an administrative license suspension is a civil penalty and does not constitute punishment for double jeopardy purposes. The Court of Appeals found it was a remedial provision, which, although having punitive aspects, generates funds to promote alcohol and drug intervention efforts.
We agree with the Court of Appeals for the Third District that Gustafson, supra, does not speak to this issue, and we also agree payment of a fee to reinstate a driver's license after an administrative license suspension does not constitute punishment, and does not trigger the constitutional protections against double jeopardy.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed and the cause is remanded to that court for execution of sentence. Costs to appellant.