Foks, Appellee, v. Andrews, Registrar, Appellant.

[Cite as Foks v. Andrews (1977), 55 Ohio App. 2d 253.]

(No. L-77-073—Decided December 2, 1977.)

*Mr. James Slater Gibson,* for appellee.
*Mr. Tom Schlageter,* for appellant.

Potter, P. J. The plaintiff-licensee brought this action in the Municipal Court of Oregon to reinstate his driver's license which had been revoked by the defendant Registrar pursuant to R. C. 4511.191, the implied consent statute. The trial court found for and entered judgment on behalf of the plaintiff-licensee, hereafter referred to as licensee-appellee. From that judgment the defendant Registrar appeals.

In October 1976, the licensee-appellee had his driver's license suspended based upon an affidavit filed by a police officer of the Oregon Police Department which stated, inter alia, that the licensee-appellee, while under arrest for the offense of driving a motor vehicle while under the influence of alcohol, refused to submit to a breathalyzer test. The appellee filed his petition alleging error in the action taken by the Registrar. The petition complied with the procedure and requirements of R. C. 4511.191(F).

A hearing was held on March 11, 1977, in the Municipal Court of Oregon pursuant to the implied consent statute.

Assignment of error No. 1 is, to wit:

"The appellee (Licensee) and not the appellant (Registrar) has both the burden of going forward and the burden of proof in proceedings conducted under Ohio Revised Code Section 4511.191."

This opinion is written primarily to settle the law and procedure in this appellate district. In the case *sub judice*, the trial court required the defendant Registrar to go forward with the evidence. We conclude, therefore, that he also placed the burden of proof in the proceedings on the Registrar. We find assignment of error No. 1 a correct statement of the law, but in the case *sub judice* the trial court's procedure was not prejudicial and, therefore, the assignment of error is not well taken.

R. C. 4511.191(F) provides that, in part:

"The scope of the hearing shall be limited to the issues of whether a police officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol, whether the person was placed under arrest, whether he refused to submit to the test upon request of the officer, and whether he was advised of the consequences of his refusal."

R. C. 4511.191(G) states, in part:

"* * * If the court finds that such person has shown error in the action taken by the registrar of motor vehicles under division (D) of this section or in one or more of the matters within the scope of the hearing as provided in division (F) of this section, or both, the cost of the proceedings shall be paid out of the county treasury of the county in which the proceedings were held, and the suspension provided in division (D) of this section shall not be imposed. * * *"

The Ohio Supreme Court held in *State* v. *Starnes* (1970), 21 Ohio St. 2d 38, that proceedings under the implied consent law are civil and administrative in nature. R. C. 4511.191(F) and R. C. 4511.191(G), place the burden of going forward with the proof and the burden of proof regarding error by the Registrar on the licensee-appellee. The Ohio Supreme Court in the recent case of *Andrews* v.

*Turner* (1977), 52 Ohio St. 2d 31, while reversing this court on other grounds, reaffirmed this position, see paragraph 2 of the syllabus quoted below:

"In a hearing conducted pursuant to R. C. 4511.191 (F), the trial court shall impose the suspension provided for in R. C. 4511.191(D) only if it finds that the arrested person has failed to show error in the action taken by the registrar of motor vehicles. The burden is on the licensee to prove, by a preponderance of the evidence, that there was error. (*Hoban* v. *Rice*, 25 Ohio St. 2d 111, approved and followed.)"

In the case *sub judice*, the trial court found as follows:

"Well, he was on his own property, but to get on his own property, he had to drive an automobile on the streets of the City. But there is only one thing that disturbs me and this is that the first thing to be proven is that the arresting officer had reasonable grounds to believe that the person has been driving a motor vehicle upon the public highways of this State while under the influence of alcohol. There is no question about him driving on the public highways, but what is the reasonable grounds to believe that he has been driving while under the influence? The only testimony here is that the fellow drove the car and squealed the tires two or three times. No other evidence of any other faulty or improper driving, in fact I can't even find that there is any evidence that he had been drinking. I mean, the Officer didn't express any opinion that the man had been drinking. I am going to grant the application."

We find the record, as submitted, supports that finding, and judgment and should not be disturbed by an appellate court.

Assignment of error No. 2 is, to wit:

"The appellee (Licensee) is required to show by the preponderance of evidence that the implied consent license suspension should not be upheld and it is not incumbent upon the state to prove, in the first instance, a prima facie case for an implied consent license suspension. This burden to make a prima facie case only rests

upon the state when the appellee (Licensee) has made a prima facie case of his own.''

For the reasons set forth above, we find that assignment of error No. 2 sets forth a correct proposition of law, but for the same reasons set forth under assignment of error No. 1, we find that such assignment is not prejudicial and, therefore, not well taken. Assignments of error Nos. 3 and 4 are, to wit:

"Even if the appellant (Registrar) is found to have the burden of going forward, it is still incumbent upon the appellee to establish by the preponderance of the evidence that the license suspension should not be effective. In the absence of such case being made by the appellee, the relief prayed for cannot be granted.

''Based upon the totality of the circumstances surrounding the arrest for driving under the influence of alcohol and from the facts adduced at the hearing, the appellant (Registrar) has shown by a preponderance of the evidence that the implied consent revocation should be effective.''

The foregoing assignments of error are not well taken for reasons heretofore stated.

Assignment of error No. 5 is, to wit:

"The judgment of the court was contrary to the law. and against the manifest weight of the evidence.''

On factual questions, a reviewing court will accept the determination of the fact-finding entity unless it is manifestly against the weight of the evidence. 3 Ohio Jurisprudence 2d 809, Appellate Review, Section 819. Assignment of error No. 5 is not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Municipal Court of Oregon is affirmed at appellant's costs.

*Judgment affirmed.*

BROWN and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.