DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Charles Bender appeals from the decision of the Summit County Court of Common Pleas affirming the decision of the Ohio Bureau of Motor Vehicles. We affirm.
On April 30, 1994, while driving a semi-tractor/trailer, appellant Charles Bender was stopped by the Ohio State Highway Patrol for traveling 78 mph in a 55 mph zone. In conducting the traffic stop, Trooper Paul Sodeman detected alcohol on Bender's breath. Bender submitted to a breath alcohol test which resulted in a reading of .085. He was then issued a citation for speeding, as well as a citation for operating a commercial motor vehicle with an alcohol concentration of .04 or greater, in violation of R.C. 4506.15. He was also placed out of service for 24 hours pursuant to R.C. 4506.16. Bender pleaded no contest to the charges on May 2, 1994. He received a $90 fine for the commercial speeding violation, and a $100 fine for the violation of R.C.4506.15.
On July 21, 1994, the Bureau of Motor Vehicles (BMV) sent Bender a notice of disqualification, indicating his commercial driver's license would be disqualified from August 20, 1994 to August 20, 1995 as a result of the above convictions. At Bender's request, an administrative hearing regarding the disqualification was held on January 27, 1995. Bender was notified by mail on May 8, 1995 that the disqualification was affirmed. Bender then appealed to this court.
In his sole assignment of error, Bender asserts the disqualification of his driving privileges following his conviction constituted a violation of his constitutional right to be free from double jeopardy. He maintains the trial court improperly found the one year disqualification was remedial in nature and thus did not place Bender in double jeopardy. Bender's assignment of error is not well taken.
The Ohio Supreme Court summarized the constitutional principle of double jeopardy in State v. Gustafson (1996),76 Ohio St.3d 425.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb," and is applicable to the states through the Fourteenth Amendment. Similarly, Section 10, Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." Ohio courts have historically treated the protections afforded by the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution as coextensive. We therefore proceed based on the premise that the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Id. at 432. (Citations omitted.)
Sanctions imposed pursuant to civil or administrative proceedings before or after a criminal conviction may constitute punishment for purposes of the Double Jeopardy Clause. See id.
Both civil and criminal proceedings may advance punitive as well as remedial goals, and thus in determining whether a particular civil sanction constitutes criminal punishment, the purpose actually served by the sanction, not the underlying nature of the proceeding giving rise to the sanction, must be evaluated. UnitedStates v. Halper (1989), 490 U.S. 435, 447, 104 L.Ed.2d 487, 501, fn. 7. "[A] defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." Id. at 448-449, 104 L.Ed.2d at 502. Bender claims the trial court improperly determined that the purpose behind the sanction imposed upon him, the disqualification of his driving privileges, was remedial. He maintains that the disqualification served as a second punishment for his violation of R.C. 4506.15. We disagree.
Bender argues that, in order to prevent jeopardy from attaching, the civil sanction must be solely remedial. He contends "[a] sanction that is designed even in part to deter or punish constitutes a punishment even if there is some partial remedial affect [sic]." However, the United States Supreme Court indicated in both Halper and Montana Dept. of Revenue v. KurthRanch (1994), 511 U.S. ___, 128 L.Ed.2d 767, that a civil sanction may have a punitive effect without qualifying as punishment for the purpose of double jeopardy. A civil sanction may incorporate characteristics of deterrence or retribution, but these features do not necessarily render the sanction punitive. Kurth Ranch, 511 U.S. at ___, 128 L.Ed.2d at 779. A sanction will be considered punitive only to the extent that it is not remedial in nature.Halper, supra, at 448-449, 104 L.Ed.2d at 502.
Analysis of the disqualification of Bender's license indicates the sanction, while having the possibility of deterrent or retributive effects, was also remedial. The disqualification serves a remedial purpose in that it protects the public, for at least a period of one year, from the possibility that Bender might again operate a commercial vehicle under the influence of alcohol. Furthermore, driver's license suspensions have traditionally been viewed as remedial sanctions. See Andrews v.Turner (1977), 52 Ohio St.2d 31. The remedial, public safety purpose of the disqualification supersedes its deterrent or retributive effects. Thus, the trial court correctly found that "the one year disqualification administratively imposed after a conviction under R.C. 4506.15 [is] remedial in nature, not cumulative or excessive, and [comports] with the double jeopardy clause."
In light of the foregoing, Bender's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
DICKINSON, J.
CONCUR.