OPINION
Defendant-appellant, Dick M. Warburton, Jr., appeals from a judgment of the Crawford County Municipal Court, which upheld his administrative license suspension ("ALS") imposed by the Ohio Bureau of Motor Vehicles pursuant to R.C. 4511.191.
On April 1, 2000, defendant was stopped by a highway patrol officer and charged with driving under the influence, open container, and speed. The breath alcohol test report form indicated that defendant refused to submit to such test at the station. As a result, defendant was placed under the ALS pursuant to R.C. 4511.191.
Defendant appealed his ALS to the Crawford County Municipal Court, which upheld the suspension. Defendant now appeals from that determination, raising the following two assignments of error:
 The trial court committed reversible error as a matter of law when it upheld the ALS suspension in this case because plaintiff-appellant did not "refuse" the breath test requested by the officer.
 As a matter of law, the trial court committed reversible error when it upheld the administrative license suspension without the State putting on a prima facie case as required by O.R.C. Section 4511.191.
On appeal, defendant urges that the trial court erred in upholding his ALS because he did not refuse to take the breath alcohol test nor was he advised by the arresting officer of his right to have additional chemical tests as R.C. 4511.19(D)(3) requires.
R.C. 4511.191(D)(3) states:
 The sworn report of an arresting officer completed and sent to the registrar and the court under divisions (D)(1)(c) and (D)(2) of this section is prima-facie proof of the information and statements that it contains and shall be admitted and considered as prima-facie proof of the information and statements that it contains in any appeal under division (H) of this section * * *.
Division (H)(1) provides that the scope of the ALS appeal is limited to determining whether one or more of the following conditions have not been met:
 (a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest;
 (b) Whether the law enforcement officer requested the arrested person to submit to the chemical test designated pursuant to division (A) of this section;
 (c) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test;
(d) Whichever of the following is applicable:
 (i) Whether the arrested person refused to submit to the chemical test requested by the officer[.]
The person who appeals the suspension has the burden of proving, by a preponderance of the evidence, that one or more of the specified conditions had not been met. R.C.4511.191(H)(2).
R.C. 4511.191(D)(3) indicates that the arresting officer's sworn report, undisputedly sent to the court, is to be considered and admitted as prima facie proof of the information and statements it contains during defendant's appeal of his ALS. The report contains the statement that defendant refused to submit to the chemical test. Although defendant argued two bases for his appeal from the ALS, we find that only the issue of whether he refused to submit to the chemical test is one of the four statutory grounds specified in R.C. 4511.191(H)(1) that may be raised in an ALS appeal.
In the disposition notification for defendant's ALS appeal, the trial court denied his appeal for failure to show that there was error. "[A] refusal to submit to a chemical test * * * will occur where a person, by his acts, words or general conduct, manifests an unwillingness to submit to the test." Hoban v. Rice (1971),25 Ohio St.2d 111, paragraph three of the syllabus. A person's refusal occurs whenever such person's conduct would justify a reasonable requesting officer to believe that the person was capable of refusal and manifested an unwillingness to take the test. Andrews v. Turner (1977), 52 Ohio St.2d 31, 36. Although defendant may have been willing to submit to the test, his conduct and acts could still amount to a refusal. On this record, defendant has failed to show that the condition listed in R.C.4511.191(H)(1)(d)(i) had not been met, and thus, the trial court did not err in upholding defendant's ALS.
Accordingly, defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
 ____________________________ SHAW, J.
HADLEY, P.J. and BRYANT, J., concur.