OPINION
Defendant, Sheila M. Portz, appeals from an order of the Municipal Court which upheld a suspension of her motor vehicle operating privileges. The suspension was imposed pursuant to R.C. 4511.19(D)(1)(a) upon an officer's conclusion that Portz, who was charged with DUI, had refused to submit to a requested breath test. Portz argues that she attempted the test but was unable to complete it. We conclude that the evidence reasonably permitted the trial court to find that Portz's conduct demonstrates a constructive refusal. Therefore, the judgment from which the appeal was taken will be affirmed.
 I.
Portz was arrested on June 17, 2000, and charged with driving while under the influence of alcohol in violation of R.C. 4511.191(A). Subsequently, Springfield, Police Officer Paula Rich asked Portz to submit to a test of her breath using a B.A.C. Datamaster machine. Portz agreed to submit, but failed after three attempts to provide the sample the test required. Officer Rich, considering Portz's conduct a refusal, notified Portz that her operating privileges were immediately suspended.
Portz appealed the suspension to the Municipal Court, which conducted a hearing on the issue presented; whether Portz had "refused" the test. The court upheld the suspension, but it granted Portz occupational driving privileges. Portz has appealed to this court.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY FINDING THAT APPELLANT REFUSED THE BREATHALYZER TEST, RESULTING IN A CONTINUATION OF THE PRETRIAL ADMINISTRATIVE LICENSE SUSPENSION.
 Pursuant to R.C. 4511.191(D)(1)(a), when a person who is charged with a violation of paragraphs (A) or (B) of R.C. 4511.191 refuses an officer's request to submit to a test of his blood, breath, or urine, the officer is authorized to notify the person, on behalf of the registrar of motor vehicles, that his operating privileges are immediately suspended. The defendant may appeal the suspension to the court in which he is charged. R.C. 4511.191(H)(1). In that proceeding, the defendant has the burden to prove that the applicable statutory condition for suspension has not been satisfied. R.C. 4511.191(H)(2). If the court finds that the condition has been met, the court must "uphold" the suspension. Id.
 Among the statutory conditions for suspension are that the defendanthas "refused to submit to the chemical test requested by the officer."R.C. 4511.191(H)(1)(d)(i). Refusal is a volitional act, involving anintent to not act as requested. Hoffer-Hodge v. Caltridge (Dec. 31,1998), Montgomery App. No. 17162, unreported. A refusal may be express,or it may be implied from the defendant's conduct. Hoban v. Rice
(1971), 25 Ohio St.2d 111.
 The fact of refusal to take the chemical test provided for in R.C. 4511.191 appears whenever a preponderance of all the evidence shows that the person who was given the request and advice in the statutory manner and form has thereafter conducted himself in such a way as to justify a reasonable person in the position of the requesting officer to believe that such requested person was capable of refusal and manifested unwillingness to take the test.
 Andrews v. Turner (1977), 52 Ohio St.2d 31, paragraph one of the syllabus.
A breath specimen obtained for the test must be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director. R.C. 4511.19(D)(1). The director has prescribed that specimens shall be "samples of deep lung (alveolar) air." Ohio Adm. Code 3701-53-02(B).
Officer Paula Rich testified that she is a senior operator qualified to operate the B.A.C. Datamaster and that she holds an operators permit issued by the director of health. Officer Rich testified that she has conducted tests over an eight year period, and estimated that she has performed a great many tests during that time. (T. 29).
Officer Rich testified that Portz agreed to submit to a breath test on the B.A.C. Datamaster. She instructed Portz to blow a long, steady breath, similar to blowing up a balloon, and to continue until she was told to stop. (T. 37). This generally requires between ten and fifteen seconds. (T. 20). However, Portz stopped blowing after four to five seconds, causing the machine to report an invalid sample. (T. 31). Officer Rich told Portz that she was manipulating the test by not giving an adequate sample. (T. 27). After three failed attempts, Officer Rich told Portz that her lack of effort would be considered a refusal. (T. 35).
Portz testified that she was instructed to continue blowing until told to stop. (T. 6). She suggested that she stopped when she was told to. (T. 6). She said: "I did everything that they told me." (T. 8). Officer Rich contradicted that, stating that each time the machine reported an invalid sample, Portz had merely stopped blowing. (T. 31).
In R.C. 4511.191(H)(1) appeals,
 [w]here the sole issue before the trial court is whether the licensee refused, upon request, to submit to a breathalyzer test the licensee may present evidence that the breathalyzer device was defective, or that he was physically incapable of delivering a breath sample, in order to meet the burden of proving error in the action taken by the registrar of motor vehicles.
 Running out of breath before an adequate sample is delivered into the machine is not a refusal. Hoffer-Hodge v. Caltridge, supra. However, Portz did not claim that she was physically incapable of delivering the sample the machine required. Neither did she claim that the machine was defective; indeed, it successfully performed a test on another accused approximately seventeen minutes later. (T. 40). Officer Rich conceded that blowing too hard or saliva in the air tube could also cause the machine to report invalid samples (T. 24), but there was no proof that either had occurred.
On this record, and if the court elected to believe Officer Rich and disbelieve Portz, as it apparently did, there was ample evidence from which the court might find that a reasonable officer could conclude (1) that Portz was capable of refusing the test and (2) that her conduct manifested an unwillingness to take the test, facts which demonstrate a constructive refusal. Andrews v. Turner, supra. Further, with respectto the appeal of her suspension, the court could find that Portz hadfailed to prove by a preponderance of the evidence that she did notrefuse to take the test. R.C. 4511.191(H)(2).
 III. Conclusion
The assignment of error is overruled. The judgment of the trial court will be affirmed. The prior order of this court staying Portz's suspension is Vacated.
FAIN, J. and KERNS, J., concur.
Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.