DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the judgment of the Akron Municipal Court denying appellant Terry Miller's appeal of his administrative license suspension and motion to suppress. For the following reasons, we find that the Akron Municipal Court properly denied both motions and affirm.
 I. {¶ 2} Appellant was charged with violating Akron City Code Section 73.01(A)(1) and R.C. 4511.19(A)(6) and he pled no contest. These charges arose from an automobile collision which occurred while appellant was parked in a parking lot on December 14, 2003. A witness testified that appellant struck two vehicles while attempting to leave the parking lot. The witness also stated that appellant was stumbling in the parking lot.
 {¶ 3} Police were summoned. The police officer at the scene testified that appellant was behind the wheel of the vehicle with the motor running and the front tire off. The officer also stated that when appellant exited the vehicle, he was stumbling, his speech was slurred, and he was combative and argumentative. Appellant also admitted to drinking several alcoholic beverages. The police officer administered a Horizontal Gaze Nystagmus ("HNG") test on appellant and arrested him.
 {¶ 4} At the Akron Police Station, appellant was administered a breathalyzer test which registered a concentration of .203. The results of this test surpassed what is permitted by law.
 {¶ 5} On December 16, 2003, appellant was arraigned and entered a plea of not guilty. Appellant was appointed an attorney, Jonathon Quillin of the Summit County Legal Defender's Office, to represent him. Later, he was appointed another attorney, Timothy Lutz.
 {¶ 6} On February 11, 2004, appellant's counsel filed a motion to suppress all evidence obtained from the police on the grounds that appellant was stopped without probable cause. The municipal court denied appellant's motion to suppress. The court also denied appellant's administrative license suspension appeal.[1] Consequently, appellant pled no contest to violating R.C. 4511.19(A)(6) and was sentenced to one hundred eighty days in jail, with one hundred fifty days suspended. Additionally, appellant was fined $500.00 and his driving privileges were suspended for three hundred sixty days.
 {¶ 7} Appellant timely appealed, raising four assignments of error.
 II. ASSIGNMENT OF ERROR I
"Miller [appellant] was deprived of his constitutional rights by improper conduct of [sic] prosecutor."
 {¶ 8} Prosecutorial misconduct is not grounds for error unless the party has been denied a fair trial. State v. Jamison, 9th Dist. No. 03CA0107-M, 2004-Ohio-2514 at ¶ 22; State v. Papp (1978),64 Ohio App.2d 203, 211.
 {¶ 9} In this assignment of error, appellant claims that the prosecutor engaged in a series of misconduct, primarily arising from the prosecutor's use of alleged illegally and unethically obtained material from appellant's own counsel. Appellant also claims that the prosecutor failed to follow through on information regarding the police officer's alleged perjury regarding the citation he issued to appellant.
 {¶ 10} In his brief, appellant includes an Appendix D which cites instances of alleged prosecutorial misconduct such as receiving confidential information from appellant's defense counsel and using this information against the appellant. Further alleged prosecutorial misconduct includes the failure of the prosecutor to investigate alleged perjury on the part of a police officer.
 {¶ 11} However, none of these claims of prosecutorial misconduct can be found as part of the record. App.R. 9(B) sets forth the materials that this Court can consider in determining the merits of an appeal. Materials outside those contained in App.R. 9(B) cannot be considered. For example, in State v. Cooperrider (1983), 4 Ohio St.3d 226, appellant argued that he was denied effective assistance of counsel. On appeal from the Eighth District's upholding the conviction, the Ohio Supreme Court held that the merits of such claim could not be considered because it was based on facts not appearing in the record. Id. at 228. The Supreme Court held that the proper procedure to determine effective assistance claims was through post-conviction remedies contained in R.C. 2953.21. Id.
 {¶ 12} Likewise, in In The Matter of: China Dixon, 5th Dist. No. 2004CA00134, 2004-Ohio-5361, the appellant argued that his counsel never informed him of his right to remain silent. The Fifth District held that this argument could not be raised on appeal because such claim appeared to speculate as to evidence dehor the record and could not be considered. See, also, State v. Weilnau (Aug. 5, 1980), 3rd Dist. No 12-80-3 (alleged failure of counsel to advise defendant of applicable law is a matter which dehor the record and cannot be reviewed on appeal.)
 {¶ 13} In this case, appellant's allegations of misconduct by counsel are also matters which dehor the record. As such, they are outside the scope of what this Court can consider on direct appeal. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Miller [appellant] was deprived of his constitutional rights by improper conduct of appointed counsel."
 ASSIGNMENT OF ERROR III
"Appointed counsel represented appellant in a perversely ineffective manner to the profound prejudice of appellant, leading to a collapse of the adversarial process and a denial of appellant's right to counsel guaranteed by the sixth amendment to the Constitution of the United States of america as interpreted by Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)[.]"
 {¶ 14} Assignments of error two and three have been combined to facilitate review. In these two assignments of error, appellant argues that both the prosecutor and his appointed counsel engaged in wrongdoing that deprived him of a fair trial. This Court disagrees.
 {¶ 15} To prove ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that the deficiency materially and adversely affected the outcome of his trial. Stricklandv. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674. This standard requires that appellant show that he was deprived of a fair trial with a reliable result. Id. at 687. That means that the prejudice reaches a level that it is reasonably probable that the counsel's unreasonable performance caused appellant to have lost what he otherwise would have won. State v. Mann (Feb. 2, 2000), 9th Dist. No. 19436.
 {¶ 16} In these two assignments of error, appellant alleges that his former appointed counsel John Quillin was ineffective. In Appendix D, appellant makes vague references to parts of remarks Quillin made to the Judge and the fact that Quillin was speaking to the Judge's bailiff and the police officer. Also, appellant contends that conversations that took place between Quillin and the prosecutor may have been harmful to him. Last, appellant alleges that Quillin "conspired" with the prosecution in attempting to skip his administrative license suspension appeal hearing. Appellant alleges that Quillin tried to deny him the ALS hearing, although he does not say how.
 {¶ 17} With respect to his subsequent counsel, Timothy Lutz, appellant alleges that Lutz "badgered him." The allegations do not specify in what manner appellant was "badgered," or how any "badgering" prejudiced him.
 {¶ 18} As with Assignment of Error I, these are matters which are also dehors the record. See, Cooperrider, 4 Ohio St.3d 226, in which the Ohio Supreme Court held that claims of ineffective assistance of counsel cannot be considered on appeal because such matters are not part of the record. As in Cooperrider, appellant's ineffective assistance of counsel claim is not part of the record. As such, it cannot be reviewed on direct appeal. Appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"The appeal of the Administrative License Suspension (ALS) and motion to suppress should have been granted."
 {¶ 19} In this assignment of error, appellant alleges that the municipal court should have granted the appeal of his administrative license suspension and his motion to suppress. Appellant alleges a number of procedural irregularities which he claims support both motions. This Court will consider each motion in turn.
 A. Appellant's Appeal of the Administrative License Suspension {¶ 20} R.C. 4511.191(H)(2) requires appellant to prove by a preponderance of the evidence that one or more of the specified conditions listed has not been met in order for the administrative license suspension to be lifted. See Andrews v. Turner (1977), 52 Ohio St.2d 31.
 {¶ 21} In this case, appellant's appeal arises from two of the specified conditions he claims were not met. The first is whether the law enforcement officer had "reasonable grounds" to believe appellant was operating a vehicle under the influence. R.C. 4511.191(H)(1)(a).[2] The second is whether appellant was informed of the consequences of refusing to submit to alcohol testing. R.C. 4511.191(H)(1)(c).
 {¶ 22} Appellant cites a number of facts in support of his assignment of error. The alleged facts are: (1) the officer did not actually see appellant driving an operable vehicle; (2) the officer did not advise appellant of his Miranda rights until after obtaining the evidence later presented to the court; (3) the traffic citation contained a number of factual errors, the main one being that appellant lacked valid insurance; (4) that evidence introduced at the hearing speculated about tests that were not performed; and (5) appellant did not sign the ALS form.
 {¶ 23} The evidence appellant offers to support his claim that the officer did not have "reasonable grounds" to believe he was operating a vehicle under the influence is not persuasive. Appellant cites the fact that the police officer did not physically see appellant operating a vehicle. The officer is not required to witness appellant actually operating the vehicle. The term "operating" includes more than driving a vehicle. Appellant would be considered "operating" a vehicle when he is behind the wheel with the vehicle running, as is the undisputed testimony here. The Ohio Supreme Court has held that "[a]n intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle[.]" Statev. McGlone (1991), 59 Ohio St.3d 122, syllabus. A witness, furthermore, saw appellant operate his vehicle. Thus, appellant's argument regarding the failure of the officer to actually see him operating the vehicle is meritless.
 {¶ 24} Appellant also argues that the police officer did not advise him of his Miranda rights until after obtaining evidence. Police at an initial stop are permitted to make inquires without giving Miranda warnings. State v. Kiefer (Sept. 24, 2004), 1st Dist. No. C-030205, 2004-Ohio-5054 ("[R]oadside questioning of a motorist by police during a routine traffic stop does not constitute custodial interrogation that would trigger the protection of the Miranda rule," citing Bergemer v.McCarty (1984), 468 U.S. 420, 82 L.Ed.2d 317, and State v. Staffford, 1st Dist. No. C-030297, 2004-Ohio-3893.
 {¶ 25} The rest of appellant's alleged facts are not relevant to the "reasonable grounds" analysis. These facts are mistakes in the citation, evidence of tests not performed, and failure of appellant to sign the ALS form. None of these alleged facts relate to whether the officer had "reasonable grounds" to believe appellant was operating a vehicle under the influence.
 {¶ 26} With respect to the issue of whether he was advised of the consequences of refusing to submit to an alcohol test, appellant cites no evidence in support of his claim. Ample evidence has been presented to support the fact that appellant was in fact so informed.
 {¶ 27} The officer had "reasonable grounds" to believe that appellant was operating a vehicle under the influence. These grounds included the officer's own observations of appellant's condition, appellant's comments, the condition of the vehicles, the statements of the witness, and the results of the tests actually administered to appellant. Appellant's argument that the police did not have "reasonable grounds" to believe he was operating a vehicle under the influence is meritless. We find no error in the municipal court's finding that appellant was not entitled to be granted his appeal from the administrative license suspension.
B. Appellant's Motion to Suppress
 {¶ 28} Appellant claims that the municipal court erred in denying appellant's motion to suppress on the grounds that the police officer did not have probable cause to believe that appellant was violating the law. To make a traffic stop for a DUI, the police are not required to have probable cause. The proper standard to determine the validity of the stop is whether the police have "reasonable suspicion." State v. Overholt
(Apr. 12, 2000), 9th Dist. No. 2980-M. This Court will review appellant's stop using this standard.
 {¶ 29} We review a trial court's determination of reasonable suspicion de novo. State v. Bing (1999), 134 Ohio App.3d 444, 448, citingOrnelas v. United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. This Court is bound to accept the factual determinations of the trial court so long as those findings are supported by competent and credible evidence.State v. Searls (1997), 118 Ohio App.3d 739, 741.
 {¶ 30} In his motion to suppress, appellant argues that the police did not have reasonable suspicion to stop appellant because he did not commit any traffic violation.[3] In his brief, appellant cites the same facts that are cited in support of the administrative license suspension appeal, as detailed in response to his first assignment of error regarding the appeal of his license suspension.
 {¶ 31} All this evidence, even if true, does not establish that the police officer lacked reasonable suspicion. As noted above, the fact that the officer did not actually see appellant driving an operable vehicle is not dispositive because appellant was deemed to be operating a vehicle because he was behind the wheel with the engine running. Further, a witness at the scene observed him driving into two other cars. Furthermore, other evidence available at the scene also establishes that the officer had reasonable suspicion. This evidence includes the officer's observations of appellant's condition, appellant's comments, the condition of the vehicles, and the witness' statements. Also, as noted above, Miranda warnings need not be given at an initial questioning by police.
 {¶ 32} The rest of the evidence appellant cites is not relevant to the reasonable suspicion analysis and does not support appellant's claim.
 {¶ 33} From the record, it is clear that there is a multitude of credible and competent evidence that amply supports a finding that the officer had reasonable suspicion. We find the municipal court's denial of appellant's motion to suppress was proper.
 III. {¶ 34} We find that the municipal court's denial of appellant's appeal from the administrative license suspension and motion to suppress was proper. We affirm.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Batchelder, J. concur.
[1] From the record, it does not appear that appellant filed a motion for an administrative license suspension appeal with the municipal court. Nonetheless, the court ruled on the matter.
[2] R.C. 4511.191(H)(1)(a) provides: "if the person appeals the suspension at the person's initial appearance, the scope of the appeal is limited to determined whether one or more of the following conditions have not been met: (a) [w]hether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest[.]" This is the statute that was in effect at the time appellant was charged. It has subsequently been changed.
[3] Appellant also argued in his motion to suppress that the police did not administer the field sobriety test or the BAC test in accordance with proper procedures. Appellant, however, has not raised these issues on appeal.