DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Pamela D. McNerney, appeals the judgment of the Ottawa County Municipal Court which, after a jury trial, convicted her of driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(a). For the following reasons, the judgment is affirmed. *Page 2 
 {¶ 2} On May 2, 2007, at approximately 1:00 a.m., Ohio State Highway Patrol Trooper John McGlashan was patrolling in a marked car on Fremont Road and saw appellant's vehicle in front of him, turning left onto Lay Street without using her turn signal. He followed, and soon observed her turn right onto Sixth Street, again without using her turn signal.
 {¶ 3} He initiated a stop on Sixth Street and appellant stopped immediately. McGlashan asked appellant for her license, registration, and proof of insurance and noted that appellant was "thick-fingered" when looking for her information. He also reported smelling "an odor of alcoholic beverage coming from within the vehicle." McGlashan asked her to step from her vehicle and sit in the front seat of his patrol car. While checking her identification, he again smelled the odor of an alcoholic beverage and he asked appellant if she had consumed any alcohol. Appellant admitted that she had had three beers. She did not define the time period in which she had consumed the beer, nor did McGlashan ask. McGlashan also testified that appellant had "glassy, bloodshot eyes" and that her "speech seemed to be slurred."
 {¶ 4} McGlashan then asked appellant to perform three field sobriety tests: the horizontal gaze nystagmus ("HGN") test; the one-leg stand test; and the walk-and-turn test. Appellant registered a six out of six possible "clues" on the HGN and two out of five possible clues on the one-leg stand test. McGlashan testified that appellant registered six clues on the walk-and-turn test, but did not say how many clues were possible. He did not videotape the tests. *Page 3 
 {¶ 5} He also testified that when he ran a computer check on appellant's identification, it showed that appellant had previously been convicted of driving under the influence. However, no documentation regarding a prior conviction was introduced.
 {¶ 6} After arresting appellant, McGlashan asked appellant to take a breathalyzer test at the station. The machine did not, apparently, register a result, because evidence of a result was not offered. McGlashan did testify that, in his opinion, appellant had refused the test, relating in relevant part:
 {¶ 7} "She did take the test, but during the test, I believe she was trying to manipulate the machine. * * * When she was attempting to blow into the machine, she was coughing a lot * * *. Throughout the whole traffic stop she wasn't coughing at all. She began to get a little nasally * * * but there was no coughing throughout the traffic stop until we got to the breath test."
 {¶ 8} McGlashan filed a complaint charging appellant with a violation of R.C. 4511.19(A)(1)(a), the section generally prohibiting driving under the influence, and a violation of R.C. 4511.19(A)(2), which prohibits a person with a prior conviction of driving under the influence from refusing to submit to a "chemical test" upon request to do so by a law enforcement officer.
 {¶ 9} After McGlashan's testimony, appellant's counsel moved for a directed verdict as to both charges. The trial court dismissed the charge of R.C. 4511.19(A)(2) on grounds that the state had not proved appellant's prior conviction for driving under the *Page 4 
influence, an essential element. In its jury instructions on the general charge, the court included the following:
 {¶ 10} "Evidence has been introduced indicating the defendant was asked, but refused to submit to a chemical test of her breath to determine the amount of alcohol in her system for the purpose of suggesting the defendant believed she was under the influence of alcohol. If you find that the defendant refused to submit to said test, you may, but are not required to, consider this evidence, along with all the other facts and circumstances in evidence, in deciding whether the defendant was under the influence of alcohol."
 {¶ 11} Appellant raises five assignments of error for review:
 {¶ 12} 1. "THE STATE OF OHIO COMMITTED PROSECUTORIAL MISCONDUCT BY REMAINING SILENT ON SALIENT ISSUES, INSINUATING THAT THEY HAD PROPER PROOF AND USED IMPROPER METHODS CALCULATED TO PRODUCE A WRONGFUL CONVICTION."
 {¶ 13} 2. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY INDICATING IN THE JURY INSTRUCTIONS THAT THERE WAS EVIDENCE INTRODUCED OF A`REFUSAL' OF A CHEMICAL TEST AND INDICATING THAT THE REFUSAL SUGGESTED THAT THE `DEFENDANT BELIEVED SHE WAS UNDER THE INFLUENCE OF ALCOHOL WHEN THERE WAS NO EVIDENCE INTRODUCED INDICATING THAT THE DEFENDANT `REFUSED' A CHEMICAL TEST." *Page 5 
 {¶ 14} 3. "THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS INSUFFICIENT AS A MATTER OF LAW."
 {¶ 15} 4. "THE CUMULATIVE EFFECT OF THE ERROR DEPRIVED APPELLANT OF A FAIR TRIAL."
 {¶ 16} 5. "WHEN THE STATE AND TRIAL COURT COMMIT ERRORS THAT ARE OBJECTED TO, BROUGHT TO THE COURT'S ATTENTION AND ARE CLEAR VIOLATIONS OF THE LAW AND CAPABLE OF CORRECTION PRIOR TO JURY DELIBERATIONS AND A DEFENDANT SERVES JAIL TIME WITHOUT BAIL PENDING APPEAL THE DEFENDANT SHOULD BE DISCHARGED."
 {¶ 17} In her first assigned error, appellant points to three events at trial which, she alleges, constitutes prosecutorial misconduct. "The touchstone of this analysis `is the fairness of the trial, not the culpability of the prosecutor.' [State v. Twyford (2002),94 Ohio St.3d 340, 354-355], quoting Smith v. Phillips (1982), 455 U.S. 209, 219. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether absent the improper [prosecutorial conduct], the jury would have found the appellant guilty.State v. Willard (2001), 144 Ohio App.3d 767, 773. The conduct of a prosecuting attorney during a trial generally cannot be made a ground of error unless the conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. See State v.Papp (1978), 64 Ohio App.2d 203, 211-212." State v. Durmvald,163 Ohio App.3d 361, 2005-Ohio-4867, ¶ 53-54. *Page 6 
 {¶ 18} First, appellant points to the "beginning of trial," in which the state "allowed the Court to blast appellant as having a prior OMVI and making her look like a repeat offender" when the state "knew" they had no evidence of a prior conviction. This point, however, is properly directed to evidence supporting a R.C. 4511.19(A)(2) violation, which depends on a prior conviction. The "blasting" occurred as the trial court, before opening statements, told the jury the nature of the charges against appellant. The court granted appellant's motion for a directed verdict on the R.C. 4511.19(A)(2) charge; therefore, appellant suffered no prejudice. Moreover, we find no instance in which the state misleadingly raised the issue after the charge had been dismissed.
 {¶ 19} Appellant's second and third issues are intertwined, and are also intertwined with her second assignment of error. In each, she argues that the state had not introduced evidence that appellant "refused" to take a breathalyzer test and that the state improperly allowed the trial court to instruct the jury that appellant had refused the test. In her second assignment of error, she argues that the trial court's jury instructions prejudiced appellant. The state did introduce the testimony of McGlashan; when he opined that appellant was "manipulating" the test, the trial court sustained appellant's objection and struck the opinion as speculative. McGlashan did, however, discuss appellant's demeanor and coughing, which, presumably, resulted in invalid test results.
 {¶ 20} The trial court's jury instruction quoted above directly tracked the approved jury instruction in Maumee v. Anistik (1994),69 Ohio St.3d 339, syllabus: *Page 7 
 {¶ 21} "Where a person has been arrested for driving while under the influence of alcohol and is requested by a police officer to submit to a chemical test of his or her breath, but he or she refuses to take the test, and the reason given for the refusal is conditional, unequivocal, or a combination thereof, we approve the following jury instruction as set forth in 4 Ohio Jury Instructions (1993) 405, Section 545.25(10): `Evidence has been introduced indicating the defendant was asked but refused to submit to a chemical test of his [or her] breath to determine the amount of alcohol in his [or her] system, for the purpose of suggesting that the defendant believed he [or she] was under the influence of alcohol. If you find the defendant refused to submit to said test, you may, but are not required to, consider this evidence along with all the other facts and circumstances in evidence in deciding whether the defendant was under the influence of alcohol.'"
 {¶ 22} Appellant does not dispute the validity of the instructions, per se; rather, she argues that the instruction impacted the jury by urging them to conclude that she had refused the test. In support, she cites State v. Williams, 6th Dist. No. OT-03-020, 2004-Ohio-2453. At issue in Williams was whether evidence supported finding that the defendant refused a breathalyzer test during an administrative license suspension ("ALS") hearing. While the arresting officer testified that the defendant's action of "stop-blowing" into the machine constituted a "refusal," the defendant presented evidence that she had esophageal surgery and suffered from anxiety, which rendered her unable to give a proper breath sample. In reversing, we stated: *Page 8 
 {¶ 23} "Unless there is a refusal to comply with the test instructions, a failure to produce an adequate breath sample is not a refusal to submit to the chemical test upon the request of the arresting officer. It is not a refusal if a person is unable to perform the requested act. A person may be unable to produce an adequate breath sample due to a physical condition. Sufficient evidence of such condition must be presented at the ALS hearing." Id. at ¶ 12 (internal citations omitted).
 {¶ 24} Here, unlike Williams, appellant submitted no evidence that she was unable to perform the test. Moreover, a defendant's "words, acts, overall conduct and other manifestations of a willingness or unwillingness to take the sobriety test will be considered by the trier of the facts in determining whether there was a refusal." Andrews v.Turner (1977), 52 Ohio St.2d 31, 36, quoting Hoban v. Rice (1971),25 Ohio St.2d 111, 117. The jury was instructed properly, and it was for the jury to decide whether appellant had refused the test. Appellant was not prejudiced, as the jury instructions also provided that if the jury found a refusal, it was not required to consider it. Given the evidence presented, we find no abuse of discretion and no resulting prejudice to appellant. State v. Guster (1981), 66 Ohio St.2d 266, 271. Further, appellant has pointed to no prosecutorial misconduct — she only argues the state's failure to object to these instructions constituted a "sin of omission." Appellant's first and second assignments of error are not well-taken.
 {¶ 25} Next, appellant argues that the verdict was both against the manifest weight of the evidence and was supported by insufficient evidence. Applying the "sufficiency of the evidence" standard, a reviewing court determines whether the evidence submitted is *Page 9 
legally sufficient to support all elements of the offense charged.State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. Specifically, we must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 26} Even though a judgment may be sustained by sufficient evidence, it may nonetheless be against the manifest weight of the evidence.State v. Thompkins, 78 Ohio St.3d at 387. A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. Id. Challenges to the weight of the evidence attack the credibility of the evidence presented. Id. To overturn a verdict as against the manifest weight, the jury must have "clearly lost its way and created such a miscarriage of justice" that the verdict must be reversed. State v. Martin (1983),20 Ohio App.3d 172, 175. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Id. When an appellate court reviews a verdict and sentence under the manifest weight standard, it reviews the entire record. State v. Thompkins, 78 Ohio St.3d at 387.
 {¶ 27} Having reviewed the entire record, we find appellant's conviction supported by sufficient evidence and not against the manifest weight of the evidence. McGlashan's testimony regarding appellant's demeanor, the smell of alcohol, appellant's admission to consuming three alcoholic beverages, and her scores on the field sobriety tests combine *Page 10 
to provide sufficient evidence that appellant was driving while impaired by alcohol. Further, the jury did not lose its way; this is not the exceptional case where evidence weighs against a conviction. The third assignment of error is not well-taken.
 {¶ 28} In her fourth and fifth errors, appellant contends that cumulative errors and "outrageous governmental conduct" combined to deprive her of a fair trial. "Separately harmless errors may violate a defendant's right to a fair trial when the errors are considered together. State v. Madrigal (2000), 87 Ohio St.3d 378, 397. In order to find cumulative error present, we first must find that multiple errors were committed at trial. See id. at 398." State v. Durnwald,2005-Ohio-4867, ¶ 58. Having found no error in the proceedings below, the fourth and fifth assignments of error are not well-taken.
 {¶ 29} The judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 11 
Peter M. Handwork, J., Arlene Singer, J. and William J. Skow, J., Concur. *Page 1